UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL, Individually and on behalf of all others similarly situated | § § § § § § § § § § § | |
| | § | Civil Action No. 2:17-cv-00036 |
| *Plaintiff,* | | |
| v. | | JURY TRIAL DEMANDED |
| REPUBLIC SERVICES, INC. | | |
| | | COLLECTIVE ACTION |
| *Defendant.* | | PURSUANT TO 29 U.S.C § 216(b) |

## FIRST AMENDED COLLECTIVE ACTION COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Juan Villarreal brings this action individually and on behalf of all current and former Helpers (hereinafter "Plaintiff and the Putative Class Members") who worked for Republic Services, Inc. (hereinafter "Republic"), during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. Plaintiff Villarreal has been employed as a non-exempt waste disposal Helper at Republic's Corpus Christi, Texas waste disposal facility since approximately 2011.

2. Plaintiff Villarreal brings this action individually and on behalf of all other similarly situated non-exempt waste disposal Helpers ("Putative Class Members") employed by Republic throughout the United States during the preceding three years and through the final disposition of this matter.

3.	Plaintiff and the Putative Class Members seek all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

4.	Plaintiff and the Putative Class Members allege that Republic failed to pay the proper amount of overtime in accordance with the FLSA for the three-year period preceding the filing of the original complaint and through the final disposition of this matter. Republic's violations are described as follows.

5.	Republic violated and continues to violate the FLSA by automatically deducting 30-minute meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

6.	Accordingly, Republic violated and continues to violate the FLSA by failing to pay their waste disposal Helpers across the United States, including Plaintiff and the Putative Class Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA.

## II.
## PARTIES AND PERSONAL JURISDICTION

7.	Plaintiff Juan Villarreal ("Villarreal") is an individual residing in Corpus Christi, Nueces County, Texas and has worked at Republic's Corpus Christi, Texas facility within the relevant three-year period. Plaintiff Villarreal's written consent to be a party plaintiff in this action is on file with this Court as ECF 1-1.

8.	The Putative Class Members represent all of Republic's non-exempt current and former waste disposal Helpers throughout the United States who performed the same or similar work as Plaintiff Villarreal, and were subjected to the same or similar payment policies as Plaintiff Villarreal during the past three years and through the final disposition of this matter.

2

9. Defendant Republic Services, Inc. ("Republic") is a for-profit corporation incorporated in the State of Delaware and doing business in the State of Texas. Republic may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

10. This Court has personal jurisdiction over Republic because the cause of action arose within this District as a result of Republic's conduct within this District.

## III.
## SUBJECT MATTER JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

12. Venue is proper in the Southern District of Texas, because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the Southern District of Texas.

13. Specifically, Republic has maintained a working presence throughout South Texas and Plaintiff Villarreal resides in Nueces County, Texas, all of which are in this District and Division.

14. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## STATEMENT OF FACTS

**A. Republic's Corporate Relationship**

15. Republic provides waste collection and disposal services to its customers throughout the State of Texas and the United States.

16. As it relates to certain allegations advanced in this complaint, an overview of Republic's corporate history and structure is not only necessary but instructive.

17. Browning-Ferris Industries, Inc., commonly known to the world as BFI, has operated waste disposal facilities throughout the State of Texas and the United States for many years.

18. In 1999, Allied Waste acquired BFI's waste disposal facilities throughout the United States.

19. Prior to the filing of this action, Republic (including its affiliates or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Texas and the United States. Today, along with Republic, these companies employ waste disposal Helpers such as Plaintiff and the Putative Class Members and conduct waste disposal operations throughout the State of Texas and the United States.

20. Today, Republic conducts its waste disposal business throughout the State of Texas and the United States.

21. Republic and its affiliates and/or subsidiaries, hold themselves out to the general public as one company—Republic Services, Inc. Prior to 2016, Republic organized itself into three geographic regions in the United States: East, Central and West. Today, Republic is organized into two geographic regions in the United States: Group One and Group Two.

22. Republic's organization allows it to provide collection, transfer, recycling and landfill waste services nationwide. Republic's structure allows it to fully integrate operations within each region and area, allowing for a top-down operating strategy. This organization also allows Republic to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this structure, with fewer administration and upper management personnel, allows for a more streamlined managerial decision-making.

23. Upon information and belief, Republic shares employees, has common management, pools resources, is affiliated and operates out of the same headquarters and/or regional headquarters. Republic advertises through one website, provides the same type of service to its customers, and shares a common business model. Part of the common business model is the overtime wage violations made the basis of this complaint.

24. Republic, and its subsidiaries throughout the United States, have an interrelation of operations, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

25. At all times relevant herein, and upon information and belief, Republic and its subsidiaries were (and continue to be) joint employers and/or a single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

**B.     Plaintiff and the Putative Class Members are (or were) Waste Disposal Helpers**

26. Republic has residential, commercial, and industrial lines of business that employ waste disposal drivers throughout the United States (the industrial division is also known as the "roll off" division; the commercial division is also known as the "front load" division).

27. To help facilitate the collection of trash in the aforementioned lines of business, Republic employs people like Plaintiff and Putative Class Members as Helpers who ride along with Republic waste disposal drivers and assist on the routes.

28. Plaintiff and the Putative Class are all of Republic's non-exempt current and former waste disposal Helpers throughout the United States who were compensated overtime for some, but not all, hours worked over 40 hours each workweek.

29. Republic's Helpers are or were non-exempt employees under both the FLSA.

30. Plaintiff and the Putative Class Members are (or were) non-exempt waste disposal Helpers employed by Republic for the three-year period preceding the filing of this complaint and through the final disposition of this matter.

31.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Republic) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

32.     Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Republic resulting in the complained of FLSA violations throughout the United States.

**C.     Republic's Policy of Deducting Meal Periods**

33.     Republic has a policy that waste disposal Helpers such as Plaintiff and Putative Class Members automatically have 30 minutes per day for a meal period deducted from his or her hours worked.

34.     Republic was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

35.     When calculating Plaintiff and the Putative Class Members' hours each pay period, Republic deducted (and continues to deduct) 30 minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

36.     In other words, for each 5-day workweek, Republic deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Republic deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

37.     Republic's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated in violation of the FLSA.

38. Republic's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

## V.
## FLSA COVERAGE

39. At all material times, Republic has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

40. At all material times, Republic has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Republic has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

41. At all material times, Plaintiff and the Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206-07.

42. At all material times, Republic has had, and continues to have, an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## V.
## CAUSES OF ACTION

### A. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

43. Republic violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(2)(a) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

44.     Plaintiff and the Putative Class Members are all of Republic's non-exempt current and former waste disposal Helpers throughout the United States who were compensated overtime for some, but not all, hours worked over 40 hours each workweek.

45.     Republic has violated and continues to violate the FLSA by denying Plaintiff and the Putative Class Members the correct amount of overtime pay for hours worked over 40 hours each workweek.

46.     Republic has violated and continues to violate the FLSA by denying Plaintiff and the Putative Class Members the correct amount of overtime by deducting 30-minute meal breaks from their "on-the-clock" time regardless of whether Plaintiff and the Putative Class Members actually worked through that meal period.

47.     Accordingly, Plaintiff and the Putative Class Members bring this cause of action under Section 216(b) of the FLSA, which allows these workers to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint and through the final disposition of this matter. 29 U.S.C. § 216(b).

48.     Moreover, Republic knowingly, willfully and in reckless disregard carried out their illegal pattern of automatically deducting a meal period break despite having actual knowledge that Plaintiff and the Putative Class Members were in fact working through their meal period. 29 U.S.C. § 255(a).

49.     Republic knew or should have known its pay practices were in violation of the FLSA.

50.     Republic knew or should have known that it was miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members, in violation of the FLSA.

51. Republic knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

52. Republic is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

53. Indeed, Republic is one of the largest waste disposal and recycling companies in the United States. It is a publicly traded company. Republic is a sophicsticated business with the knowledge and experience to know that the payment scheme used to compensate its Helpers was and continues to be impermissible under the FLSA.

54. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Republic to pay according to the law.

55. Republic's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' on-the-clock time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated.

56. Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

57. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Villarreal.

58. Other similarly situated employees have been victimized by Republic's patterns, practices, and policies, which are in willful violation of the FLSA.

59. The Putative Class Members are "All Waste Disposal Helpers Employed by Republic Services, Inc., Throughout the United States at Any Time During the Last Three Years, Who Were

n/a
n/a
n/a

Automatically Deducted 30 Minutes Each Work Day for a Meal Break."

60. Republic's systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

61. Thus, Plaintiff Villarreal's experiences are typical of the experiences of the Putative Class Members.

62. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

63. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

64. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar waste-disposal helpers entitled to overtime after forty (40) hours in a workweek.

65. Republic has employed thousands of waste-disposal helpers throughout the United States during the past three years.

66. Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Republic will retain the proceeds of its rampant violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the class of similarly situated plaintiffs is defined as:

**All Waste Disposal Helpers Employed by Republic Services, Inc., Throughout the United States at Any Time During the Last Three Years, Who Were Automatically Deducted 30 Minutes Each Work Day for a Meal Break.**

## VI.
## RELIEF SOUGHT

69. Plaintiff respectfully prays for judgment against Republic as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Republic to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

    d. For an Order pursuant to Section 16(b) of the FLSA finding Republic liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

    f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

    g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    h. For an Order awarding Plaintiff a service award as permitted by law;

    i. For an Order compelling the accounting of the books and records of Republic; and

j.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Austin W. Anderson*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Austin W. Anderson*
Austin W. Anderson