IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN VILLARREAL,<br>individually and on behalf of all others<br>similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>REPUBLIC SERVICES, INC.,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:17-cv-00036 |

**DEFENDANT REPUBLIC SERVICES, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Defendant Republic Services, Inc. ("Republic" or "Defendant") respectfully files this Answer and Defenses to Plaintiff Juan Villarreal's ("Plaintiff") First Amended Collective Action Complaint (the "Amended Complaint"). The following sections and numbered paragraphs correspond to the sections and numbered paragraphs in Plaintiff's Amended Complaint. To the extent the allegations within Plaintiff's Amended Complaint are not expressly admitted, they are hereby denied.

**I.
OVERVIEW**

1.  Defendant denies that Republic Services, Inc. is or was Plaintiff's employer. Defendant admits that Plaintiff is a current employee of BFI Waste Services of Texas, LP ("BFI") and has been employed as a nonexempt waste disposal helper in the Corpus Christi waste disposal facility since approximately 2011. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 1 of the Amended Complaint.

2.      Defendant admits that Plaintiff purports to bring this action individually and on behalf of "other similarly situated non-exempt waste disposal Helpers" employed throughout the United States during the preceding three years through the final disposition of this matter. Defendant denies that Republic Services, Inc. is or was Plaintiff's and/or any putative class member's employer. Defendant admits that Plaintiff is a current employee of BFI and has been employed as a nonexempt waste disposal helper in Corpus Christi since approximately 2011. Defendant denies that this lawsuit is suitable for collective action treatment, denies that it violated the FLSA or any other laws, and denies that other employees are "similarly situated" to Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 2 of the Amended Complaint.

3.      Defendant admits that Plaintiff seeks to recover on behalf of himself and "Putative Class Members" compensation, liquidated damages, attorneys' fees and costs. Defendant denies that this lawsuit is suitable for collective action treatment, denies that it violated the FLSA or any other laws, denies that Plaintiff or any Putative Class Member is entitled to any relief, and denies that other employees are "similarly situated" to Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 3 of the Amended Complaint.

4.      Defendant denies the allegations contained in numbered paragraph 4 in the Amended Complaint.

5.      Defendant denies the allegations contained in numbered paragraph 5 in the Amended Complaint.

6.      Defendant denies the allegations contained in numbered paragraph 6 in the Amended Complaint.

## II.
## PARTIES AND PERSONAL JURISDICTION

7. Defendant admits that Plaintiff filed a written consent form to join this lawsuit, but denies that the consent is valid. Defendant lacks sufficient information or knowledge to admit or deny the authenticity of the written consent form on file with the Court as ECF 1-1. Defendant denies that Republic Services, Inc. is or was Plaintiff's employer. Defendant admits that Plaintiff is a current employee of BFI and has been employed as a nonexempt waste disposal helper in Corpus Christi since approximately 2011. Defendant further admits that Plaintiff's last known address is in Nueces County, Texas. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 7 of the Amended Complaint.

8. Defendant admits that Plaintiff purports to bring this action on behalf of "non-exempt current and former waste disposal Helpers," but denies they performed the same or similar work as Plaintiff and denies they were subjected to the same or similar payment policies as Plaintiff. Defendant further denies that Republic Services, Inc. is or was Plaintiff's and/or any putative class member's employer, that this lawsuit is suitable for collective action treatment, that other employees are "similarly situated" to Plaintiff, and that it violated the FLSA with respect to Plaintiff or any other putative class member. Defendant denies the remaining allegations contained in numbered paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations in numbered paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained in numbered paragraph 10 of the Amended Complaint.

- 4 -

## III.
## SUBJECT MATTER JURISDICTION AND VENUE

11. Defendant admits that Plaintiff has attempted to invoke the jurisdiction of this Court under the Fair Labor Standards Act of 1938, as amended, and 28 U.S.C. § 1331. Defendant admits that this Court has subject-matter jurisdiction over Plaintiff's FLSA claim, but denies violating any laws that support a claim for relief by Plaintiff or any of the putative class members. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 11 of the Amended Complaint.

12. Defendant admits that venue is proper in the Southern District of Texas to the extent Plaintiff worked exclusively for BFI in Corpus Christi, but denies violating any laws that support a claim for relief by Plaintiff. Defendant lacks sufficient information or knowledge to form a belief as to whether venue is proper regarding the allegations asserted on behalf of Plaintiff's proposed putative class. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 12 of the Amended Complaint.

13. Defendant admits that venue for Plaintiff's individual FLSA claims and the claims of other putative class members who worked exclusively in Corpus Christi is proper in this Court, but denies violating any laws that support a claim for relief by Plaintiff or putative class members. Defendant further admits that Plaintiff's last known address is in Nueces County, Texas. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 13 of the Amended Complaint.

14. Defendant admits that venue for Plaintiff's individual FLSA claims and the claims of other putative class members who worked exclusively in Corpus Christi is proper in this Court, but denies violating any laws that support a claim for relief by Plaintiff or putative

class members. Except as expressly admitted, Defendant denies any remaining allegations contained in numbered paragraph 14 of the Amended Complaint.

## IV.
## STATEMENT OF FACTS

**A.**     **Republic's Corporate Relationship**

15.     Defendant admits that Republic Services, Inc. is the parent company of subsidiaries that provide waste collection and disposal services to customers in Texas and throughout the United States. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 15 of the Amended Complaint.

16.     Numbered paragraph 16 of the Amended Complaint does not contain factual allegations, and thus, no response is required. To the extent a response is required, Defendant incorporates its admissions and denials to paragraphs 17-25 of the Amended Complaint.

17.     Defendant admits that Browning-Ferris Industries, LLC is sometimes abbreviated as "BFI," and that its subsidiaries operated waste disposal facilities throughout Texas. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 17 of the Amended Complaint.

18.     Defendant admits that in 1999, Allied Waste Industries, Inc. acquired all of the issued and outstanding shares of stock of Browning-Ferris Industries, Inc. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 18 of the Amended Complaint.

19.     Defendant admits that, prior to this action, Republic Services, Inc. or one of its subsidiaries or affiliated entities acquired various waste disposal companies doing business throughout the State of Texas and the United States. Except as expressly admitted, Defendant

denies the remaining allegations contained in numbered paragraph 19 of the Amended Complaint.

20. Defendant admits that Republic is a parent company of subsidiaries that provide waste collection and disposal services to customers in Texas and throughout the United States. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 20 of the Amended Complaint.

21. Defendant admits that, prior to 2016, it was organized in three geographic regions—East, Central, and West—and is now organized in two geographic regions. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 21 of the Amended Complaint.

22. Defendant admits that its subsidiaries and affiliated entities provide collection, transfer, recycling and landfill waste services nationwide. Defendant admits that it employs strategies to assist its subsidiaries and affiliated entities in minimizing overhead costs. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained in numbered paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained in numbered paragraph 24 of the Amended Complaint.

25. Paragraph 25 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 25 of the Amended Complaint.

- 7 -

**B.      Plaintiff and the Putative Class Members are (or were) Waste Disposal Helpers**

26.      Defendant admits it has subsidiaries that employ residential, commercial, and industrial waste disposal drivers.  Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 26 of the Amended Complaint.

27.       Defendant denies the allegations contained in numbered paragraph 27 of the Amended Complaint.

28.      Defendant admits that Plaintiff purports to bring this action individually and on behalf of "non-exempt current and former waste disposal Helpers throughout the United States who were compensated for some, but not all, hours worked over 40 hours each workweek." Defendant admits that Plaintiff was compensated overtime for hours worked in excess of forty hours each workweek.  Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations regarding Plaintiff's proposed putative class, but denies violating any laws that support a claim for relief by Plaintiff or putative class members.  Defendant denies that Republic Services, Inc. is or was Plaintiff's and/or any other putative class member's employer.  Defendant denies that this lawsuit if suitable for collective action treatment, denies that it violated the FLSA or any other laws, and denies that other employees are "similarly situated" to Plaintiff.  Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 28 of the Amended Complaint.

29.      Defendant denies the allegations contained in numbered paragraph 29 of the Amended Complaint.

30.      Defendant admits that Plaintiff has been employed as a nonexempt waste disposal helper by BFI in Corpus Christi since approximately 2011. Defendant denies violating any laws that support a claim for relief by Plaintiff or putative class members. Defendant denies that

Republic Services, Inc. is or was Plaintiff's and/or any other putative class member's employer. Defendant denies that this lawsuit if suitable for collective action treatment, denies that it violated the FLSA or any other laws, and denies that other employees are "similarly situated" to Plaintiff. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in numbered paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in numbered paragraph 32.

**C.  Republic's Policy of Deducting Meal Periods**

33. Defendant admits that the timekeeping system used by BFI deducts 30 minutes for meal breaks for Plaintiff and other helpers and that Plaintiff and other helpers are required to verify that they took a meal break each day. If Plaintiff or any other helper missed a meal break, they are required to notify their employer through various avenues so that they are paid for that meal break. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations contained in numbered paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained in numbered paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations contained in numbered paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained in numbered paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained in numbered paragraph 38 of the Amended Complaint.

## V.
## FLSA COVERAGE

39. Paragraph 39 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 39 of the Amended Complaint.

40. Paragraph 40 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 40 of the Amended Complaint.

41. Paragraph 41 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 41 of the Amended Complaint.

42. Paragraph 42 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 42 of the Amended Complaint.

## VI.
## FACTS

A. **FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

43. Paragraph 43 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 43 of the Amended Complaint.

44. Defendant admits that BFI employed Plaintiff as a nonexempt waste disposal helper in Corpus Christi. Defendant further admits that Plaintiff was compensated overtime for

hours worked over forty hours each workweek. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained in numbered paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained in numbered paragraph 46 of the Amended Complaint.

47. Defendant admits Plaintiff purports to bring this action on behalf of Putative Class Members under Section 216(b) of the FLSA. Paragraph 47 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 47. Defendant denies the remaining allegations contained in numbered paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations contained in numbered paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained in numbered paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations contained in numbered paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations contained in numbered paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained in numbered paragraph 52 of the Amended Complaint.

53. Defendant admits that Republic Services, Inc. is a publicly traded company and is one of the largest waste disposal and recycling companies in the United States. Defendant denies

the remaining allegations contained in numbered paragraph 53 of the Amended Complaint.

54. Defendant lacks sufficient knowledge and information to admit or deny the level of "sophistication" or trust of Plaintiff or the "putative class." Defendant denies the remaining allegations contained in numbered paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained in numbered paragraph 55 of the Amended Complaint.

56. Paragraph 56 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 56 of the Amended Complaint.

**B.     COLLECTIVE ACTION ALLEGATIONS**

57. Defendant admits that Plaintiff purports to bring this action individually and on behalf of "those who are (or were) similarly situated to Plaintiff Villarreal" pursuant to 29 U.S.C. § 216(b). Defendant denies that this lawsuit is suitable for collective action treatment, denies that it violated the FLSA or any other laws, and denies that other employees are "similarly situated" to Plaintiff. Defendant denies the remaining allegations contained in numbered paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations contained in numbered paragraph 58 of the Amended Complaint.

59. Defendant admits that paragraph 59 of Plaintiff's Amended Complaint purports to define the members of the putative class and those employees whom Plaintiff alleges are "similarly situated" to him and the members of the putative class. Defendant denies that this lawsuit is suitable for collective action treatment, denies that it violated the FLSA or any other

laws, and denies that other employees are "similarly situated" to Plaintiff. Defendant denies the remaining allegations contained in numbered paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained in numbered paragraph 60 in the Amended Complaint.

61. Defendant denies the allegations contained in numbered paragraph 60 in the Amended Complaint.

62. Paragraph 62 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant denies the allegations contained in numbered paragraph 62 of the Amended Complaint.

63. Paragraph 63 contains legal conclusions that require neither an admission nor a denial. To the extent a response is required, Defendant admits that the Putative Class Members who are exempt from the requirements of the FLSA are entitled to be compensated pursuant to the FLSA, but denies they were not properly compensated. Defendant denies the remaining allegations contained in numbered paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations contained in numbered paragraph 64 of the Amended Complaint.

65. Defendant admits that Republic Services, Inc. is the parent company of subsidiaries that employed waste-disposal helpers in the United States during the past three years. Except as expressly admitted, Defendant denies the remaining allegations contained in numbered paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations contained in numbered paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations contained in numbered paragraph 67 in the Amended Complaint.

68. Defendant admits that paragraph 68 of Plaintiff's Amended Complaint purports to define the members of the putative class and those employees whom Plaintiff alleges are "similarly situated" to him and the members of the putative class. Defendant denies that this lawsuit is suitable for collective action treatment, denies that it violated the FLSA or any other laws that support a claim for relief by Plaintiff, and denies that other employees are "similarly situated" to Plaintiff. Defendant denies the remaining allegations contained in numbered paragraph 68 of the Amended Complaint.

## VII.
## RELIEF SOUGHT

69. Defendant is not required to affirm or deny Plaintiff's Relief Sought ("Prayer"), but affirmatively states there are no grounds in fact or law that warrant the granting of any of the relief sought by Plaintiff. Accordingly, Defendant denies that Plaintiff or the putative class members are entitled to any of the relief requested, or any relief at all, and to the extent the Prayer contains any factual allegations, Defendant denies the allegations contained therein.

## VIII.
## AFFIRMATIVE DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses. Defendant intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer to assert all such further defenses.

FIRST ADDITIONAL DEFENSE

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SECOND ADDITIONAL DEFENSE

Plaintiff's Amended Complaint, and every alleged claim therein, is barred in whole or in part by the equitable doctrine of unclean hands and *in pari delicto* to the extent Plaintiff and/or the putative class member knowingly violated the time-keeping policies by falsifying their timecards, under-reporting and/or failing to report their hours worked, and failed to use the complaint procedures to report their missed meal periods or other off-the-clock work so that their employer could take appropriate remedial action.

THIRD ADDITIONAL DEFENSE

Defendant alleges that to the extent Plaintiff and/or the putative class members qualify as exempt under the Motor Carrier Act exemption, Plaintiff and/or the putative class members are exempt from overtime wages under the FLSA.  *See* 29 U.S.C.A. § 213(b)(1).

FOURTH ADDITIONAL DEFENSE

Defendant alleges that the Amended Complaint and each cause of action set forth therein are barred because Plaintiff and the putative class failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them, including under any applicable collective bargaining agreement, prior to commencing this action.

FIFTH ADDITIONAL DEFENSE

Plaintiff lacks standing to bring each and every alleged claim set forth in the Amended Complaint, both individually or as a representative of the proposed class.

SIXTH ADDITIONAL DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations set forth under 29 U.S.C.A. § 255. This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiff purports to represent.

SEVENTH ADDITIONAL DEFENSE

The alleged acts or omissions in Plaintiff's Amended Complaint are subject to the provisions of 29 U.S.C. §§ 259 and 260 because Defendant acted in good faith and in reasonable reliance on an administrate regulation, order, ruling, approval and interpretation of the United States Department of Labor, or an administrative practice or enforcement policy of the United States Department of Labor with respect to the class of employers to which Plaintiff and/or the Putative Class Members belong.

EIGHTH ADDITIONAL DEFENSE

Plaintiff cannot establish the necessary procedural elements for collective treatment. If the Court conditionally certifies a class in this case over Defendant's objections, then Defendant asserts the additional defenses set forth herein against each and every member of the certified class.

NINTH ADDITIONAL DEFENSE

Some or all of the hours worked by Plaintiff and/or the persons he seeks to represent and claim as unpaid were *de minimis* and do not qualify as compensable hours worked within the meaning of the FLSA.

TENTH ADDITIONAL DEFENSE

Defendant alleges that, even if Plaintiff and/or any putative class member is entitled to additional compensation, Defendant acted at all times in good faith towards Plaintiff and the

putative class and had reasonable grounds for believing they did not violate the FLSA, which precludes an award of liquidated damages.

### ELEVENTH ADDITIONAL DEFENSE

Any recovery by Plaintiff under any of the causes of action alleged in the Amended Complaint must be offset as permitted under 29 U.S.C. § 207(h).  This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiff purports to represent.

### TWELFTH ADDITIONAL DEFENSE

Plaintiff and the putative class members are not entitled to a jury trial to the extent that they signed a jury waiver agreement as a condition of employment.

### THIRTEENTH ADDITIONAL DEFENSE

Plaintiff's claims and those of the putative class members are barred to the extent that they have entered into or are otherwise bound by compromise, settlement, or release agreements regarding their claims.

### FOURTEENTH ADDITIONAL DEFENSE

The claims of Plaintiff and/or the putative class Plaintiff purports to represent are barred to the extent they petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United States bankruptcy code, yet failed to disclose potential claims against Defendant as required under applicable bankruptcy laws

### FIFTEENTH ADDITIONAL DEFENSE

To the extent that discovery reveals Plaintiff previously received compensation for Plaintiff's alleged unpaid overtime wages in connection with, or as a result of, a payment supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial

action that was resolved through a court-approved settlement or judgment, Defendant hereby invokes the doctrines of waiver and res judicata to bar the claims asserted by Plaintiff. This defense may also apply to the purported claims of some or all of the potential members of the putative class Plaintiff purports to represent.

## SIXTEENTH ADDITIONAL DEFENSE

Defendant states it does not presently know all facts concerning the conduct of Plaintiff and his claims sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. The First Amended Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Amended Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. The Court award Defendant such other and further relief as it deems appropriate.

| | |
|---|---|
| Dated: April 25, 2017 | Respectfully submitted, |
| Of Counsel: | |
| Angelo Spinola<br>Georgia Bar No. 672191 (*Pro Hac Vice*)<br>LITTLER MENDELSON, P.C.<br>A PROFESSIONAL CORPORATION<br>3344 Peachtree Road, NE<br>Suite 1500<br>Atlanta, Georgia 30326<br>404.233.0330 (Telephone)<br>404.745.0712 (Fax)<br>aspinola@littler.com | */s/ Kimberly R. Miers*<br>Kimberly R. Miers (Lead Attorney)<br>State Bar No. 24041482<br>Federal I.D. No. 674452<br>LITTLER MENDELSON, P.C.<br>A PROFESSIONAL CORPORATION<br>2001 Ross Avenue<br>Suite 1500, Lock Box 116<br>Dallas, Texas 75201<br>214.880.8100 (Telephone)<br>214.880-0181 (Facsimile)<br>kmiers@littler.com<br><br>**ATTORNEYS FOR DEFENDANT** |
| Allison Clara Williams<br>State Bar No. 24075108<br>Federal I.D. No. 1138493<br>LITTLER MENDELSON, P.C.<br>A PROFESSIONAL CORPORATION<br>1301 McKinney Street, Suite 1900<br>Houston, Texas  77010<br>713.951.9400 (Telephone)<br>713.951.9212 (Facsimile)<br>acwilliams@littler.com | |
| Esteban Shardonofsky<br>Texas Bar No. 24051323<br>SEYFARTH SHAW LLP<br>700 Milam Street, Suite 1400<br>Houston, TX 77002-2812<br>713.225.2300 (Telephone)<br>713.225.2340 (Fax)<br>sshardonofsky@seyfarth.com | |
| Noah A. Finkel<br>Illinois Bar No. 6224910 (*Pro Hac Vice*)<br>Kara L. Goodwin<br>Illinois Bar No. 6299888 (*Pro Hac Vice*)<br>SEYFARTH SHAW LLP<br>131 S. Dearborn Street, Suite 2400<br>Chicago, IL 60603-5803<br>312.460.5000 (Telephone)<br>312.460.7000 (Fax)<br>nfinkel@seyfarth.com<br>kgoodwin@seyfarth.com | |

## CERTIFICATE OF SERVICE

      I hereby certify that on April 25, 2017, I electronically filed this document with the Clerk of Court for the U.S. District Court, Southern District of Texas, using the Electronic Case Filing System of the Court.  The Electronic Case Filing System sent a "Notice of Electronic Filing" to the following counsel of record:

Austin Anderson
Clif Alexander
Lauren E. Braddy
Anderson2X, PLLC
819 N. Upper Broadway
Corpus Christi, TX 78401

                                              */s/ Kimberly R. Miers*
                                              Kimberly R. Miers

Firmwide:147030880.4 068119.1476